## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KHALIL K. HAMMOND** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **LANCASTER CITY BUREAU OF** | : | **NO. 17-1885** |
| **POLICE, et al.** | : | |

## MEMORANDUM

**O'NEILL, J.**                                                                                    **MAY 30, 2017**

Plaintiff Khalil K. Hammond, a prisoner incarcerated at the State Correctional Institution at Fayette, claims that his constitutional rights were violated by the destruction of his property. He seeks leave to proceed *in forma pauperis*. The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint.

### I.      FACTS

According to the complaint, on January 5, 2010, Detective Jarrad Berkihiser seized fifty-three pieces of plaintiff's mail from the cell where plaintiff was incarcerated at the Lancaster County Prison. Included in the seized mail were family photographs that were meaningful to plaintiff. Plaintiff filed several motions in his criminal case seeking the return of his property and was granted a hearing.

At the hearing on April 17, 2015, the Assistant District Attorney represented that any property not already returned to plaintiff had been discarded or destroyed. Accordingly, the judge presiding over the case denied plaintiff's motion because he was unable to order the return of plaintiff's property. Plaintiff alleges that no one from the District Attorney's Office or the Lancaster City Bureau of Police contacted him to let him know that his property would be destroyed prior to destroying the property. He believes that employees of the Lancaster City

Bureau of Police threw his property away to be vindictive and malicious, and notes that they failed to follow applicable procedures for returning property.

Based on those allegations, plaintiff initiated the instant lawsuit pursuant to 42 U.S.C. § 1983 against Detective Berkihiser, the Lancaster City Bureau of Police, and Lancaster City. He asserts claims under the Fourth Amendment, Eighth Amendment, Due Process Clause, and state law based on the seizure and destruction of his mail.

## II.     STANDARD OF REVIEW

Plaintiff's motion to proceed *in forma pauperis* is granted because it appears that he is incapable of prepaying the fees to commence this civil action.[1]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the complaint if it fails to state a claim.  To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint.  *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by*, *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).  As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.     DISCUSSION

### A.  Fourth Amendment Claims

Plaintiff's Fourth Amendment claims based on the seizure of his mail are time-barred. Pennsylvania's two-year statute of limitations applies to those claims.  *See* 42 Pa. Cons. Stat. §

---

[1] As plaintiff is a prisoner, he will still be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The limitations period began to run from the time plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Plaintiff was aware of the seizure of his property when his mail was taken from his cell on January 5, 2010, but he did not file this case until April of 2017, more than two years after his claims accrued. Accordingly, any claims based on the seizure of plaintiff's mail are time-barred.

**B. Eighth Amendment Claims**

The Eight Amendment precludes the imposition of cruel and unusual punishments on those convicted of crimes. *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981). To violate the Eighth Amendment, the challenged conduct must be "objectively, sufficiently serious" such that it "result[s] in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations and internal quotation marks omitted). Although the Court is sympathetic to the fact that the destroyed pictures were valuable to plaintiff, the conduct at issue here is not objectively sufficiently serious by Eighth Amendment standards to state a plausible claim. *See Atwell v. Metterau*, 255 F. App'x 655, 658 (3d Cir. 2007) (per curiam) ("[Plaintiff's] allegations regarding the deprivation of his property did not state an Eighth Amendment claim because he was not deprived of the minimal civilized measure of life's necessities.").

**C. Due Process Claims**

Plaintiff's due process claims fail because Pennsylvania law—specifically, the Pennsylvania Tort Claims Act—provides plaintiff with an adequate remedy for an intentional deprivation of his property. *See Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) ("Pennsylvania provides a remedy for intentional wrongs committed by state officials through

the Pennsylvania Tort Claims Act, 42 Pa.C.S. §§ 8541–8546."); *Tapp v. Proto*, 404 F. App'x 563, 567 (3d Cir. 2010) (per curiam) (state tort action provided adequate remedy for county prison officials' wrongful appropriation of a photograph of plaintiff's girlfriend). In other words, plaintiff cannot prevail on his due process claims because state procedures are available to plaintiff to address the intentional destruction of his property.

### D. State Law Claims

As the Court has dismissed all of plaintiff's federal claims, the only independent basis for jurisdiction over plaintiff's state law claims is 28 U.S.C. § 1332(a). That provision grants district courts jurisdiction over cases in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." However, the Court cannot exercise diversity jurisdiction over this case because the complaint fails to establish that the parties are diverse. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain); *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010) (a prisoner is presumed to be a citizen of the state where he was domiciled prior to his imprisonment).

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint. As it is possible that plaintiff could cure the jurisdictional defect with regard to his state law claims, the Court will give him leave to file an amended complaint. An appropriate order follows.