IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KHALIL K. HAMMOND** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **LANCASTER CITY BUREAU OF POLICE,** | : | |
| **LANCASTER CITY, DETECTIVE** | : | |
| **SERGEANT JARRED P. BERKIHISER,** | : | |
| **DETETIVE MICHAEL GERACE,** | : | |
| **ASSISTANT PUBLIC DEFENDER DAVID** | : | |
| **L. BLANCK, ATTORNEY MARK F.** | : | |
| **WALMER and LANCASTER COUNTY'S** | : | |
| **DISTRICT ATTORNEY'S OFFICE** | : | **NO. 17-1885** |

<u>**MEMORANDUM OPINION**</u>

**Savage, J.**                                                                                       **December 16, 2021**

This *pro se* § 1983 case arises from the seizure of plaintiff Khalil Hammond's personal property by the Lancaster Police in 2010 pursuant to a warrant. Although he made requests for the return of his property, he claims it was not returned.

Hammond has named as defendants the Lancaster District Attorney's Office, the Lancaster Bureau of Police, the two detectives who seized his property, his defense attorneys, and the City of Lancaster. He claims that the two detectives and his attorneys violated his constitutional rights by failing to return his property. He further alleges that the Bureau of Police, the District Attorney's Office, and the City failed to adequately train their employees to prevent the loss or destruction of seized property. He claims that all defendants violated his due process rights and denied him access to the courts. He also brings state law claims for negligence, conspiracy, abuse of process, and intentional infliction of emotional distress.

The defendants have moved to dismiss the second amended complaint. They argue that Hammond's claims are time-barred and that he has failed to allege any constitutional violations sufficient to establish liability under § 1983.

We conclude that Hammond has not stated claims that his constitutional rights were violated. He does not have a Fourth Amendment right to the return of property seized pursuant to a valid search warrant. Nor does the failure to return seized property constitute cruel and unusual punishment under the Eighth Amendment. He has not stated a claim that he was deprived of access to the courts pursuant to the First Amendment. The facts alleged show that he received due process under the Fourteenth Amendment. Thus, we shall dismiss the § 1983 claims and decline to exercise supplemental jurisdiction over his state law claims.

## Background[1]

On July 17, 2009, Hammond was arrested and charged by Lancaster County police with robbery and illegal possession of a firearm.[2] On January 5, 2010, pursuant to a search warrant issued as part of an investigation of the robbery and witness tampering,[3] Lancaster County Police Detectives Jarred Berkihiser and Michael Gerace seized 53 articles of mail from Hammond's cell in the Lancaster County prison.[4] Hammond claims

---

[1] The following facts, which we accept as true and from which we draw all reasonable inferences in favor of Hammond, are recited from the Second Amended Complaint (SAC). (ECF No. 117).

[2] Def. Walmer's Mot. to Dismiss Ex. A at 3 (ECF No. 121-4) (Hammond Criminal Docket).

[3] SAC at ¶ 28.

[4] *See* Def. Walmer's Mem. of Law in Supp. of Mot. to Dismiss at 2 (ECF No. 121-1); *see also* SAC ¶¶ 17, 27.

the mail included irreplaceable "cards and photographs of loved ones" that "hold[] sentimental value."[5]

Before trial, Hammond requested his court appointed lawyers to retrieve his property. He alleges he spoke with his public defender, defendant David Blanck, "in the weeks that followed" the seizure of his property about "filing a motion for [its] return."[6] Blanck allegedly told him "that he had more important things to worry about" than the return of the photographs.[7] Blanck later withdrew his appearance.[8]

During a meeting before trial he had with his second court appointed attorney, defendant Mark Walmer, Hammond again raised concerns about the return of his property.[9] Walmer told Hammond "he wasn't concerned about the property seized due to other things being of more importance in the case."[10]

Hammond was convicted of robbery and illegally possessing a firearm on March 10, 2011.[11] Walmer withdrew his appearance on August 22, 2011.[12] Hammond claims that until Walmer withdrew, he continually asked him to get his property.[13] Then, he made *pro se* requests for the return of his property.

---

[5] SAC at ¶ 27

[6] SAC at ¶ 42.

[7] *Id*.

[8] Hammond Criminal Docket at 9.

[9] SAC at ¶¶ 43, 44.

[10] *Id.* at ¶ 45.

[11] *See* Hammond Criminal Docket at 10.

[12] *Id.* at 14.

[13] SAC at ¶ 45.

A return of property hearing was held on April 17, 2015.[14] At the hearing, Hammond alleges the Lancaster County District Attorney's Office represented that the property was either returned, destroyed, or discarded.[15] He claims the Assistant District Attorney at the hearing said "I don't think the photographs in mention[ed] were seized or ever existed."[16] The Assistant District Attorney presented Hammond with five photocopied letters she claims had already been returned to him.[17]

At the conclusion of the hearing, Judge Ashworth denied Hammond's petition for the return of his property as moot.[18] According to Hammond, Judge Ashworth explained there was nothing he could do because the District Attorney's Office and the police claimed that the items had either been returned or destroyed.[19]

## Standard of Review

A Rule 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint. To survive, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the

---

[14] Hammond Criminal Docket at 20

[15] SAC at ¶ 18. None of the parties have provided us with a transcript or other records from this hearing.

[16] *Id.* at ¶ 20.

[17] *Id.* at ¶ 23.

[18] Hammond Criminal Docket at 20.

[19] SAC at ¶ 26.

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

A conclusory recitation of the elements of a cause of action is insufficient. *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008). The plaintiff must allege facts necessary to make out each element. *Id.* (quoting *Twombly,* 550 U.S. at 563 n.8). In other words, the complaint must contain facts which, if proven later, support a conclusion that a cause of action can be established.

In considering a motion to dismiss under Rule 12(b)(6), the court must first separate the factual and legal elements of a claim, accepting the well-pleaded facts as true and disregarding legal conclusions. The court next determines whether the facts alleged, if proven, show that the plaintiff has a plausible claim for relief. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210–11 (3d Cir. 2009) (quoting *Iqbal,* 556 U.S. at 679). In making this determination, all well-pleaded allegations of the complaint must be accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences must be drawn in his favor. *See McTernan v. City of York,* 577 F.3d 521, 526 (3d Cir. 2009).

Additionally, a *pro se* plaintiff's pleadings must be considered deferentially, affording him the benefit of the doubt where one exists. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)). With these standards in mind, we shall accept as true the facts as they appear in Hammond's second amended complaint and draw all possible inferences from these facts in his favor.

**Analysis**

*Statute of Limitations*

The statute of limitations in a § 1983 action is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Nguyen v. Pennsylvania,* 906 F.3d 271, 273 (3d Cir. 2018). The Pennsylvania statute of limitations for a personal injury action is two years. *Nguyen,* 906 F.3d at 273 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, the statute of limitations for § 1983 claims arising in Pennsylvania is two years.

A § 1983 claim accrues "when the plaintiff has 'a complete and present cause of action.'" *Wallace*, 549 U.S. at 388 (2007) (quoting *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). Put differently, "the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) (quoting *Genty v. Resol. Tr. Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)).

Some defendants claim that the incidents giving rise to Hammond's claims occurred on or before his conviction on March 11, 2011. Others argue that the statute of limitations began running on the date his property was seized, January 5, 2010. Hammond contends that his causes of action did not accrue until he learned at the April 17, 2015 return of property hearing that his property had been destroyed. He asserts that his claims are brought to address the "intentional destruction of his personal

property," which he alleges he did not know about until ADA Moyer informed the judge at his return of property hearing that it was either destroyed or returned to him.[20]

Defendants argue that even if his claims accrued on April 17, 2015, Hammond's complaint is untimely because it was not docketed until April 24, 2017. Hammond contends that his complaint was timely filed on April 14, 2017. The prison mailbox rule deems a prisoner's *pro se* petition filed on the date it is delivered to prison officials for mailing. *See Pabon v. Mahanoy,* 654 F.3d 385, 391 n.8 (3d Cir. 2011) (citing *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998)); *Commonwealth v. Castro*, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001) (deemed filed when given to proper prison authority or placed in a prison mailbox). Hammond's initial complaint is dated as April 14, 2017. Attached to the complaint is a certificate of service where Hammond represented that a copy of the complaint was forwarded to the Prothonotary, also dated April 14, 2017. When Hammond deposited the complaint in the prison mail system is an issue of fact that cannot be resolved at this stage.

The statute of limitations is an affirmative defense that must be pled in a responsive pleading. FED. R. CIV. P. 8(c)(1); *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citations omitted); *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). Although it is not expressly permitted, a statute of limitations defense may be raised in a motion under Rule 12(b)(6) where the expiration of the limitations period is apparent on the face of the complaint. *Wisniewski*, 857 F.3d at 157 (citations omitted); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994) (citations omitted).

---

[20] *See* SAC at ¶ 14.

7

It is not apparent from the face of the complaint when Hammond knew or had reason to know his property had been destroyed or returned. Thus, we shall not dismiss the claims as time barred.

*Section 1983 Claims*

To state a claim under section 1983, a plaintiff must allege facts which, if proven, establish: (1) he was deprived of a right secured by the Constitution or the laws of the United States; and (2) that the person depriving him of the right acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010) (citation omitted).

Among those persons Hammond claims violated his rights are his attorneys. Defense attorneys, whether they are privately retained, court-appointed or employed as public defenders, are not state actors for purposes of § 1983. *Deangelo v. Brady*, 185 F. App'x. 173, 175, (3d. Cir. 2006) (citing *Polk County v. Dodson*, 454 U.S. 312, 317 n.4 (1981)). Thus, the § 1983 claims against Blanck and Walmer, Hammond's defense attorneys, will be dismissed.[21]

Hammond has not alleged facts showing that any individual defendants had personal involvement in the loss or destruction of his mail. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Liability may be imposed on an individual defendant only if he or she personally directed or, with actual knowledge, acquiesced in the conduct. *Id*.

---

[21] Hammond's lawyers, Blanck and Walmer, both ceased representing him long before his return of property hearing. Specifically, Blanck withdrew his appearance on October 20, 2010, and Walmer withdrew his appearance on August 22, 2011. Thus, even if Hammond's claims against his attorneys were cognizable under § 1983, they would be time-barred.

8

Personal involvement must be pled with particularity, providing information on time, place, and persons responsible. *Rode*, 845 F.2d at 1207 (first citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); and then citing *Hall v. Pa. State Police,* 570 F.2d 86, 89 (3d Cir. 1978) (same)). Hammond has not done so.

Hammond has not alleged facts that, if proven, could establish § 1983 liability against the Lancaster County Bureau of Police, the District Attorney's Office, and the City itself. Government agencies and departments are not "persons" under § 1983 and can only be held liable when the plaintiff demonstrates "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). The necessary causal link is shown where the municipal agency promulgates a policy statement and the injurious act occurs as a result of an implementation of that policy; the policymaker himself violates federal law; or the policymaker is deliberately indifferent to the need for action to correct an inadequate practice that is likely to result in a constitutional violation and fails to act. *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 249–50 (3d Cir. 2007).

A county agency may be held liable under § 1983 for injuries inflicted by its agents or employees only if the injuries were the result of a governmental policy or custom. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Santiago v. Warminster Township.,* 629 F.3d 121, 135 (3d Cir. 2010). A governmental policy or custom can be established by showing either that the decisionmaker possessing final authority to establish a municipal policy did so by issuing an official statement of policy or that a governmental custom developed when the official acquiesced to a course of

9

conduct such that it operated as law. *Jiminez*, 503 F.3d at 250. Hammond has not alleged facts that establish a basis for holding these agencies liable under § 1983.

Even if he had alleged facts forming a basis for individual and governmental liability, Hammond has not alleged facts which, if proven, would give rise to a Constitutional violation.

*Unlawful Search and Seizure*

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. AMEND. IV. The Fourth Amendment proscribes only unreasonable seizures. The reasonableness of the seizure of Hammond's property is not at issue. He does not dispute the validity of the 2010 search warrant executed by Berkihiser and Gerace. Instead, he argues that the defendants violated his Fourth Amendment right by not returning his property and conspiring to prevent him from using the information on appeal.

Whether a failure to return legally seized property may violate the Fourth Amendment has not been decided by the Third Circuit. The First, Second, Sixth, Seventh, Eighth, and Tenth Circuits have held that it does not.[22] *See Denault v. Ahern,* 857 F.3d 76, 84 (1st Cir. 2017)*; Gilmore*, 837 F.3d at 838; *Shaul v. Cherry Valley-Springfield Cent.*

---

[22] In her concurrence in *Hudson v. Palmer*, Justice O'Connor explained that a prisoner cannot state a Fourth Amendment claim even when his "property was destroyed without legitimate reason." 468 U.S. 517, 538–39 (1984) (explaining "[t]hat the Fourth Amendment does not protect a prisoner against indefinite dispossession" of his property"). She wrote that "if the act of taking possession and the indefinite retention of the property are themselves reasonable, the handling of the property while in the government's custody is not itself of Fourth Amendment concern.... [A]ny losses that occur while the property is in official custody are simply not redressable by Fourth Amendment litigation." *Id.* at 538–39. Justice O'Connor's analysis has been cited by several courts of appeal when ruling on the issue of government retention of seized property. *See e.g., Gilmore v. City of Minneapolis,* 837 F.3d 827, 838 (8th Cir. 2016).

10

*Sch. Dist.,* 363 F.3d 177, 187 (2d Cir. 2004)*; Snider v. Lincoln Cnty. Bd. of Cnty. Comm'rs.,* 313 F. App'x. 85, 92–93 (10th Cir. 2008); *Lee v. City of Chicago,* 330 F.3d 456, 466 (7th Cir. 2003); *Fox v. Van Oosterum,* 176 F.3d 342, 344 (6th Cir. 1999). Succinctly, "the government's continued retention of property does not constitute an additional seizure or transform a lawful seizure into an unlawful one." *Bello v. Rockland County,* No. 19–3514, 2020 WL 2319115, at *5 (S.D.N.Y. May 11, 2020) (citing *Malapanis v. Regan,* 33 F.Supp.2d 285, 291 (D. Conn. 2004)). Agreeing with those courts that have addressed the issue, we conclude that the failure to return Hammond's lawfully seized property does not implicate his Fourth Amendment right against unlawful search and seizure.

### Due Process

Under the Fourteenth Amendment Due Process Clause, states may not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV, § 1. "A fundamental requirement of due process is the opportunity to be heard." *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (internal quotation marks omitted) (citation omitted). That opportunity "must be granted at a meaningful time and in a meaningful manner." *Id*. "While due process usually requires some type of pre-deprivation hearing, a post-deprivation hearing may also satisfy the requirement." *McKenna v. Portman*, 538 F. App'x. 221, 224 (3d Cir. 2013) (citing *Zinermon v. Burch*, 494 U.S. 113, 127 (1990)).

To determine whether an individual has received the constitutionally required due process, we "examine the procedural safeguards built into the statutory. . . procedure. . . effecting the deprivation, and any remedies for erroneous deprivations provided by

statute." *Zinermon*, 494 U.S. at 126. In doing so, we ask whether the government afforded the plaintiff "the opportunity to be heard at a meaningful time and in a meaningful manner." *City of Los Angeles v. David*, 538 U.S. 715, 716 (2003) (quoting *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976) (internal quotation marks omitted)).

The deprivation of Hammond's property was itself the result of a lawful seizure pursuant to a warrant that was issued by judicial authority upon the finding of probable cause. Hammond did not and does not challenge the legality of the seizure. In other words, he does not claim a deprivation of due process in the taking of his property, but rather the failure to return it after the taking.

Pennsylvania law provides a process to challenge the seizure of property and a process to request its return. Pennsylvania Rule of Criminal Procedure 588(A) provides that a "person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof." Pa. R. Crim. P. 588(A). The Third Circuit has found that process an "adequate post-deprivation remedy". *McKenna*, 538 Fed. Appx. at 225 (3d Cir. 2013) (citing Pa. R. Crim. P. 588(A)).

In *Guarrasi v. County of Bucks,* Judge Yohn concluded that the plaintiff, whose personal property had been seized pursuant to a search warrant and search incident to arrest, received due process because he was afforded a return of property hearing pursuant to Pa. R. Crim. P. 588(A). No. 10–1879, 2011 WL 1226118, at *1 (E.D. Pa. Mar. 29, 2011). He noted that courts have consistently held that the rule "provides an adequate post-deprivation remedy." *Id.* at *9. Other courts have also held that this rule is "an adequate post-deprivation remedy when police seize property pursuant to an

investigation." *McKenna*, 538 F. App'x. at 224–25 (first citing *Potts v. City of Philadelphia*, 224 F.Supp.2d 919, 938 (E.D. Pa. 2002) and then citing *Kauffman v. Pa. Soc'y for the Prevention of Cruelty to Animals*, 766 F.Supp.2d 555, 571 n. 7 (E.D. Pa. 2011)).

Here, Hammond received a post-deprivation hearing in response to his claim that the defendants improperly failed to return his property. He contends that the ADA informed the judge that the District Attorney's Office had either returned his property or it had been lost or destroyed. At the conclusion of the hearing, the judge denied Hammond's motion for the return of his property as moot. As his own allegations show, Hammond was not denied due process.

### Right of Access to the Courts

To state a denial of right of access to the courts claim under the First and Fourteenth Amendments, a prisoner must establish that he was denied access to the courts and that he suffered an actual injury as a result. *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008)); *see also Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam) (citing *Lewis v. Casey*, 518 U.S. 343, 352–53 (1996) ("A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury")). In general, to establish an actual injury, a prisoner must demonstrate that he lost a "nonfrivolous" and "arguable" claim because he was denied access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). He must allege what the underlying cause of action was and how the denial of access adversely affected his ability to present his claims. *Id*.

Hammond alleges the individual defendants violated his right of access to the courts by tampering with his case file and discarding his property to prevent him from

13

using the documents on his appeal. He also claims that the institutional defendants failed to properly train and supervise their employees with regard to policies and procedures for returning seized property. He baldly claims that these actions have impeded his ability to seek appellate review of his conviction. Hammond contends that without access to the seized letters and photographs, he cannot discredit the evidence used against him at trial.

With respect to his claims that the defendants' actions have *impeded* his ability to appeal his conviction, Hammond's conclusory statements are insufficient to establish that his claim "may no longer be pursued as a result of defendant[s'] actions." *Monroe*, 536 F.3d at 206 n.9. He has not alleged facts showing that the loss of his property has prevented him from pursuing an appeal from his criminal conviction. Thus, Hammond's has failed to establish a First Amendment right of access to the court violation.

*Cruel and Unusual Punishment*

The Eighth Amendment right to be free from cruel and unusual punishment is violated only when a "sufficiently serious" deprivation takes place such that it shows a deliberate indifference to health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "A sufficiently serious deprivation is described as the denial of the minimal necessities for life such as adequate food, clothing, shelter and medical care." *Wongus v. Corr. Emergency Response Team,* 389 F. Supp. 3d 294, 300 n. 20 (E.D. Pa. 2019) (citing *Farmer,* 511 U.S. at 832, 834).

The destruction of personal property does not deprive one of the necessities of life. *See Durham v. Dep't of Corrections*, 173 F. App'x. 154, 156 (3d Cir. 2006). The loss of "family photographs does not deprive [p]laintiff of the necessities of life for purposes of an Eighth Amendment claim." *Wongus,* 389 F. Supp. 3d at 300*; see also Durham*, 173 F.

App'x at 156 (concluding that depriving an inmate of religious paintings does not amount to a cognizable Eighth Amendment claim). Thus, because Hammond was not deprived of any necessity of life, health, or safety, he has not stated a claim for a violation of the Eighth Amendment.

## Conclusion

Hammond has failed to plead sufficient facts, which if proven, would establish that his Constitutional rights were violated by any of the defendants. Therefore, we shall dismiss his § 1983 claims with prejudice,[23] except for his claim of denial of access to the courts, which we dismiss without prejudice. We decline to exercise supplemental jurisdiction over his state claims.[24]

---

[23] We shall not grant leave to amend because Hammond has already amended his complaint multiple times and further amendment would be futile.

[24] A district court may decline to exercise supplemental jurisdiction over a state law claim if all claims over which it has original jurisdiction are dismissed. 28 U.S.C. § 1367(c)(3). In exercising discretion to retain or decline supplemental jurisdiction, we must consider "judicial economy, convenience and fairness to the litigants." *Kach v. Hose,* 589 F.3d 626, 650 (quoting *New Rock Asset Partners v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1505 (3d Cir. 1996)). Although the defendants seek dismissal of these claims on substantive grounds, we decline to exercise supplemental jurisdiction. *See, e.g., Segers v. Williams*, 12 F.Supp.3d 734, 741 (E.D. Pa. 2014). If he chooses, Hammond may refile these claims in state court. *See Kach*, 589 F.3d at 650 (citing *Elmore v. Cleary*, 399 F.3d 279, 283 (3d Cir.2005) and also citing *Heffernan v. Hunter,* 189 F.3d 405, 41 n.8 (3d Cir. 1999)) (dismissal of state law claims under § 1367(c)(3) is without prejudice).